IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | |
| v. | § § | Cr. No. C-07-214 |
| ARTURO URRUTIA, | § § § | |
| Defendant-Movant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR DOWNWARD DEPARTURE

On April 28, 2008, the Clerk's office received a motion from Defendant Arturo Urrutia ("Urrutia") titled as a "Motion for Sentence (Reduction Adjustment)." (D.E. 28.) The motion is now pending before the Court and addressed herein.

In his motion, Urrutia argues that, because of his status as a deportable alien, he is being subjected to a harsher sentence than United States citizens who were convicted of similar crimes. (D.E. 28 at 1, 2.) In particular, he claims that he is ineligible for programs such as placement in a halfway house, or on home confinement. (D.E. 28 at 2.) He thus requests a six-month reduction in his sentence. (D.E. 28 at 2.)

As discussed herein, the Court construes his motion as a motion to reduce sentence. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

Urrutia pleaded guilty to the sole count of the indictment against him, which charged him with possession with intent to distribute approximately 21 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 10, 17.) He was sentenced by this Court on August 22, 2007 to 87months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. (D.E. 24, 25.) The Court also imposed a $100 special assessment. (D.E. 24, 25.) Judgment was entered against Urrutia on August 28, 2007. (D.E. 25.) He did not appeal and has not filed any post-conviction motions except for the instant motion, which was received by the Clerk on April 28, 2008. (D.E. 27.)

## II. ANALYSIS

### A. Characterization of Motion

At the outset, the Court is tasked with determining how to construe Urrutia's motion, adhering to the principle that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Notably, Urrutia is not challenging his conviction or sentence on the grounds that it was improper, nor does he assert cognizable grounds for relief under 28 U.S.C. § 2255. Instead, he is asking for a reduction in sentence based on the fact that his status as a deportable alien renders him ineligible for certain placements or benefits administered by the Bureau of Prisons.

Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Urrutia's motion as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather than construing his motion as a § 2255 motion, then, the Court construes it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

**B.      Motion for Reduced Sentence**

Having determined that Urrutia's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Urrutia fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence.

### III. CONCLUSION

For the foregoing reasons, Urrutia's "Motion for Sentence (Reduction Adjustment)" is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.

It is so ORDERED this 8th day of May, 2008.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE